UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| JESSE HALE, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 5: 13-357-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| CAROLYN W. COLVIN, | ) | **MEMORANDUM OPINION** |
| Acting Commissioner of Social Security, | ) | **AND ORDER** |
| | ) | |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is pending for consideration of cross-motions for summary judgment. [Record Nos. 8, 9] Plaintiff Jesse Hale argues that the administrative law judge ("ALJ") assigned to his case erred in evaluating his impairments and their combined effect on his ability to work. He also contends that the ALJ erred in considering and weighing the treatment records and evaluations from his physicians. As a result, Hale seeks reversal of the ALJ's decision and an award of benefits. Defendant Carolyn W. Colvin, Acting Commissioner of Social Security ("the Commissioner"), contends that the ALJ's decision is supported by substantial evidence and should be affirmed. For the reasons discussed below, the Court will grant the Commissioner's motion and deny the relief sought by Hale.

**I.**

On September 27, 2010, Hale applied for a period of disability, disability insurance benefits, and Supplemental Security Income under Title XVI of the Social Security Act ("the

Act"). [*See* Administrative Transcript, pp. 155-64; hereafter, "Tr."] He alleges a disability beginning June 30, 2009.[1] [*Id.*] Hale's applications were denied initially and upon reconsideration. [Tr., p. 12] On March 15, 2012, an administrative hearing was conducted *via* video by ALJ Gloria York. [*Id.*] Hale appeared and testified, represented by attorney John C. Collins. [*Id.*] A vocational expert ("VE"), Joyce P. Forrest, also testified at the hearing. [*Id.*]

Hale was thirty-seven years old at the time of the ALJ's decision. He has a high school education and previously worked as a pipe-fitter and heavy equipment operator. [Tr., p. 201, 211] Hale claims to be disabled due to back pain, neck pain and leg pain, headaches, seizures, memory loss, acid reflux, vertebrae problems, right hand numbness, and bulging discs [Tr., p. 210] After reviewing the record and testimony presented during the administrative hearing, ALJ York concluded that Hale suffered from the severe impairments of chronic low back pain with degenerative disc disease, a seizure disorder, and a depressive disorder. [Tr., p. 15]

Notwithstanding his impairments, the ALJ determined that Hale maintained the residual functional capacity ("RFC") to perform a limited range of light work, subject to the following limitations:

> [Hale] can lift and carry 20 pounds occasionally and ten pounds frequently and stand and walk six hours out of eight; however, he requires normal seizure precautions in that he cannot work around unprotected heights, hazardous machinery, hazards, or climb, and he has a slight limitation in his ability to understand, remember, and carry out simple repetitive tasks; a moderate limitation in his ability to tolerate the stress and pressure of day to day employment; a slight limitation in the ability to sustain attention and concentration toward the performance of simple repetitive tasks; and no limitation

---

1 Hale was involved in two auto accidents: one occurring on May 9, 2009, and the other on August 21, 2009. [Record No. 8-1, p. 2] Hale contends that these two accidents led to his current disability.

in his ability to respond appropriately to supervisors and co-workers in a work setting.

[Tr., p. 16]

ALJ York determined that Hale could not perform past relevant work. [Tr., p. 19] However, based on the VE's testimony, and after considering Hale's age, education, work experience, and RFC, the ALJ found that Hale could perform other jobs that exist in significant numbers in the national economy, such as a cashier/counter clerk, a general clerk, and a laborer/hand packer. [Tr., p. 20] Based on these findings, the ALJ concluded that Hale was not disabled under the Act.

**II.**

Under the Social Security Act, a "disability" is defined as "the inability to engage in 'substantial gainful activity' because of a medically determinable physical or mental impairment of at least one year's expected duration." *Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 539 (6th Cir. 2007). A claimant's Social Security disability determination is made by an ALJ in accordance with "a five-step 'sequential evaluation process.'" *Combs v. Comm'r of Soc. Sec.*, 459 F.3d 640, 642 (6th Cir. 2006) (en banc) (quoting 20 C.F.R. § 404.1520(a)(4)). If the claimant satisfies the first four steps of the process, the burden shifts to the Commissioner with respect to the fifth step. *See Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 474 (6th Cir. 2003).

First, the claimant must demonstrate that he is not engaged in substantial gainful employment at the time of the disability application. 20 C.F.R. §§ 404.1520(b), 416.920(b). Second, the claimant must show that he suffers from a severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(c), 416.920(c). Third, if the claimant is not engaged in

substantial gainful employment and has a severe impairment which is expected to last for at least twelve months and which meets or equals a listed impairment, he will be considered disabled without regard to age, education, and work experience. 20 C.F.R. §§ 404.1520(d), 416.920(d). Fourth, if the Commissioner cannot make a determination of disability based on medical evaluations and current work activity and the claimant has a severe impairment, the Commissioner will then review the claimant's RFC and relevant past work to determine whether he can perform his past work. If he can, he is not disabled. 20 C.F.R. §§ 404.1520(f), 416.920(f).

Under the fifth step of the analysis, if the claimant's impairment prevents him from doing past work, the Commissioner will consider his RFC, age, education, and past work experience to determine whether he can perform other work. If he cannot perform other work, the Commissioner will find the claimant disabled. 20 C.F.R. §§ 404.1520(g), 416.920(g). The Commissioner has the burden of proof only on "the fifth step, proving that there is work available in the economy that the claimant can perform." *White v. Comm'r of Soc. Sec.*, 312 F. App'x 779, 785 (6th Cir. 2009) (quoting *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 391 (6th Cir. 1999)).

The Court's standard of review of the Commissioner's determination "is both familiar and limited." *Kobetic v. Comm'r*, 114 F. App'x 171, 173 (6th Cir. 2004). Judicial review of the denial of a claim for Social Security benefits is limited to determining whether the ALJ's findings are supported by substantial evidence and whether the correct legal standards were applied. *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007). The substantial-evidence standard presupposes that there is a zone of choice within which decision makers can

go either way, without interference from the court. *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006). Substantial evidence is such relevant evidence as a reasonable mind might accept as sufficient to support the conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007).

If supported by substantial evidence, the Commissioner's decision must be affirmed even if the Court would decide the case differently and even if the claimant's position is also supported by substantial evidence. *Smith v. Comm'r of Soc. Sec.*, 482 F.3d 873, 876 (6th Cir. 2007); *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007); *Longworth v. Comm'r of Soc. Sec. Admin.*, 402 F.3d 591, 595 (6th Cir. 2005); *Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993). Therefore, the Commissioner's findings are conclusive if they are supported by substantial evidence. 42 U.S.C. § 405(g).

**III.**

Hale attacks the ALJ's decision on two main points, arguing that the ALJ: (i) erred in determining that Hale did not have a severe impairment or that the combined effect of all of his impairments met or equaled a listed impairment, and (ii) failed to give proper weight to the treatment notes of Hale's treating physicians.

### A.     Consideration of Impairments

Hale asserts that his low back pain should have been considered a severe impairment, or that it should have been considered severe when considered in combination with all of the other impairments. [Record No. 8-1, p. 11] The ALJ found Hale's low back pain to be a severe impairment at the second step of the appropriate sequential analysis. [Tr., p. 15 (where the ALJ

noted that Hale suffers from the severe impairment of low back pain with degenerative disc disease)] Hale's statement to the contrary is a misreading of the ALJ's decision.

At the third step of the analysis, the ALJ found that Hale did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. [*Id.*] "To meet the requirements of a listing, [the claimant] must have a medically determinable impairment(s) that satisfies *all* of the criteria in the listing." 20 C.F.R. §§ 404.1525(d), 416.925(d) (emphasis added). When a claimant alleges that his impairment meets or equals a listed impairment, he must present specific medical findings that satisfy the criteria of the particular listing. *Foster v. Halter*, 279 F.3d 348, 354 (6th Cir. 2001). And an ALJ must consider the combined effect of all of a claimant's impairments in determining whether the claimant is disabled. 20 C.F.R. §§ 404.1523, 416.923. "An ALJ's individual discussion of multiple impairments does not imply that he failed to consider the effect of the impairments in combination, where the ALJ specifically refers to a 'combination of impairments' in finding that the plaintiff does not meet the listings." *Loy v. Sec'y of Health & Human Servs.*, 901 F.2d 1306, 1310 (6th Cir. 1990) (citing *Gooch v. Sec'y of Health & Human Servs.*, 833 F.2d 589, 592 (6th Cir. 1987)).

Here, ALJ York made a specific finding that Hale "does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments" in the applicable regulations. [Tr., p. 15] She specifically discussed each alleged impairment, comparing the evidence of record with the criteria in the listing. [Tr., pp. 15-16] Regarding Hale's degenerative disc disease with low back pain, ALJ York found that "there is no evidence of neurological deficit or nerve root compression as required by Section 1.04 of Appendix 1."

[*Id*.] She further found that Hale lacked clinical evidence of muscle weakness and reflex and sensory loss as described in the listing. [*Id*.]

Although ALJ York accepted that Hale has a seizure disorder, she found that it occurred as a result of benzodiazpine (*i.e.* Xanax) withdrawal, and that his seizures were not of a frequency or severity to meet the requirements of Sections 11.02 or 11.03. [Tr., p. 15; *see also* 20 C.F.R. § 404, Subpart P, Appendix 1).] She found that Hale has a mental impairment, but that there was no evidence of decompensation in work-like settings. Her reasons for this finding included the fact that Hale had never sought or received treatment for any mental health condition, and the consultative psychologist who reported only mild to moderate limitations in Hale's mental functioning. [Tr., p. 16] Although Hale contends that he suffers from an impairment that meets or equals a listed impairment, he has not identified which particular listing he meets. Nor has he presented specific medical findings that satisfy the criteria of the particular listing. *See Foster*, 279 F.3d at 354.

ALJ York did not err in finding that Hale's low back pain was a severe impairment. And she did not err in considering the combined effect of all of Hale's impairments. Instead, the ALJ discussed each impairment individually and identified the reasons it did not meet or medically equal the severity of a particular listing. Accordingly, the Court accepts ALJ York's consideration of Hale's lower back pain at steps two or three of the sequential analysis as supported by substantial evidence.

### B. Medical Opinions & Harmless Error

Hale next alleges that ALJ York erred in giving the proper weight to the treatment records of Dr. Wheeler, Dr. Gilbert, Dr. Bryson, and Dr. Schneider. The Commissioner responds that

any error connected to the ALJ's failure to assign specific weight to any physician's opinion is harmless, and contends that Dr. Schneider's opinion is not entitled to controlling weight.

Generally, a treating source's medical opinion will be given controlling weight if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence" in the claimant's record. 20 C.F.R. § 404.1527(c)(2); *see also Walker v. Sec'y of Health & Human Servs.*, 980 F.2d 1066, 1070 (6th Cir. 1992). The ALJ must always give "good reasons" for accepting or rejecting a medical opinion. 20 C.F.R. § 404.1527(c)(2); SSR 96-2p, 1996 WL 374188 (Even if a treating source's medical opinion is well-supported, controlling weight may not be given to the opinion unless it also is "not inconsistent" with the other substantial evidence in the case record). An "ALJ 'is not bound by conclusory statements of doctors, particularly where they are unsupported by detailed objective criteria and documentation." *Kornecky v. Comm'r of Soc. Sec.*, 167 F. App'x 496, 509 (6th Cir. 2006) (per curiam) (quoting *Buxton v. Halter*, 246 F.3d 762, 773 (6th Cir. 2001)); *see also White v. Comm'r of Soc. Sec.*, 572 F.3d 272, 286 (6th Cir. 2009) ("Conclusory statements from physicians are properly discounted by ALJs."). Moreover, the regulations provide that a physician's statement regarding whether a claimant is "disabled" or "unable to work" does not mean that the claimant is disabled. 20 C.F.R. §§ 404.1527(d)(1), 416.927(d)(1).

### i. **Drs. Wheeler and Gilbert**

Hale first contends that the ALJ did not consider or give any weight to the treatment notes provided by Dr. Greg R. Wheeler and Dr. John W. Gilbert, who treated Hale from approximately

July 2009 through September 2010.[2] [Tr., pp. 276-304] It is undisputed that the ALJ did not explain the weight given to the treatment notes of those treating physicians. However, the Commissioner contends that this error is harmless because the ALJ's findings were consistent with the physicians' treatment notes. [Record No. 9, p. 8]

A decision denying benefits "must contain specific reasons for the weight given to the treating source's medical opinion, supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." SSR 96-2p, 1996 WL 374188, at *5 (1996). The Sixth Circuit has described three circumstances whereby an ALJ's failure to comply with this procedural requirement would be harmless: (i) where the treating source's opinion is patently deficient; (ii) where the ALJ either adopts the opinion of the treating source or makes findings consistent with the treating source's opinion; and (iii) where the purpose of the procedural "good reasons" requirement is met even without technical compliance. *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 547 (6th Cir. 2004).

The Commissioner invokes the second exception, contending that the ALJ's error in failing to address Dr. Wheeler's and Dr. Gilbert's opinions is harmless because the ALJ made findings consistent with those treatment notes. [Tr., pp. 16-18] As noted above, Dr. Wheeler

---

2    It is difficult to ascertain from the treatment notes, but Drs. Wheeler and Gilbert are both neurosurgeons. [Tr., pp. 276-304] Thus, the ALJ erroneously stated that Hale did not seek treatment from a neurosurgeon. [Tr., p. 18] Although ALJ York mentioned this fact in connection with her credibility assessment of Hale's subjective complaints of pain, she also relied on other facts in determining that Hale's statements were not totally credible, including that he had not sought an orthopedist, and the fact that he claimed to receive large settlements from his automobile accidents despite no hospitalization (or other) records. Perhaps most notably, ALJ York considered Hale's lengthy history of drug abuse and his positive drugs screens on several occasions in assessing his complaints of pain. [*Id.*]

and Dr. Gilbert treated Hale for less than a year regarding his back pain. [Tr., pp. 276-304] When he was first evaluated, Hale indicated that his condition was due a motor vehicle accident that occurred in May 2009. [Tr., p. 304] He had never been evaluated by a neurosurgeon at that time, and reported no prior illness or injury, despite reportedly taking Zoloft, Xanax, Loratab, and Prevacid. [*Id.*] He tested positive for methadone and THC, after which Dr. Wheeler placed him in the center's "compliance program." [*Id.*]

When Dr. Wheeler initially examined Hale, he noted normal findings in all areas, including normal findings in his cranial spine, normal ranges of motion, and all areas were negative for tenderness or spasm, and normal reflexes. [*Id.*] Dr. Wheeler recommended conservative treatment. Later, in December 2009, Hale told Dr. Gilbert that although he had pain in his lower back and neck, he was not disabled. [*Id.*, pp. 293, 295] The treatment notes show that there was discrepancy in Hale's narcotics profile, that Hale continually took more medication than advised, and took the medication of his friends. [*Id.*, p. 276] The neurologists' treatment notes further indicate that Hale was noncompliant with his doctor's admonitions regarding alcohol and tobacco abuse, as well as weight-related issues. [*See id.*, pp. 276-304.] At several points during his treatment, Hale tested positive for illegal drugs. [Tr., pp. 276-305]

ALJ York's findings regarding Hale's functional limitations and impairments were consistent with the neurologists' treatment notes. For example, ALJ York found that Hale suffered from degenerative disc disease with chronic low back pain, which is supported by Dr. Wheeler's records. [Tr., p. 15] She found that Hale had seizures that resulted from Xanax

withdrawals, which is also reflected in the treatment notes from September 2009.[3] [Tr., p. 17] Furthermore, the ALJ noted that Hale had positive drug screens on several occasions, a fact that is found at several points within Dr. Gilbert's and Dr. Wheeler's records. [Tr., p. 18] There is nothing to indicate that ALJ York rejected the treatment notes of Dr. Gilbert and Dr. Wheeler; rather, the ALJ discussed both physicians' notes in reaching her findings regarding Hale's RFC.[4] [Tr., pp. 17, 18] In these circumstances, it is "irrelevant" that ALJ York did not give weight to the treating physicians' notes; thus, "the failure to give reasons for not giving such weight is correspondingly irrelevant." *See Wilson*, 378 F.3d at 547. Accordingly, the ALJ's error of failing to explain the weight given to these treating neurologists' opinions is not reversible error.

### ii. Dr. Bryson

Hale also argues that ALJ York erred in failing to explain the weight given to the treatment notes of Dr. Don Bryson, who treated Hale for his back condition. [Tr., pp. 539-558] Dr. Bryson opined that Hale could lift and carry less than ten pounds and stand/walk less than three hours out of eight, and sit less than three hours out of eight. [Tr., p. 17] ALJ rejected the "severe" limitations of Dr. Bryson that Hale could perform less than sedentary work, finding that the opinion was not supported by objective findings or treatment notes from the doctor.[5] [Tr., p. 18]

---

3     Hale also reported having seizures from taking "too much Zoloft." [Tr., p. 200]

4     ALJ York also referenced the physicians' treatment notes during the hearing, noting that it looked like Dr. Wheeler "was the one treating the Claimant more than anybody." [Tr., pp. 50-51]

5     ALJ York also rejected the opinions of the state agency medical consultant, who indicated that Hale has no severe physical impairments. [Tr., p. 18] Instead, ALJ York considered that there were some positive findings on Hale's MRI, but did not consider these impairments as supportive of the limitations suggested by Dr. Bryson. [*Id.*]

Due to some discrepancies in the record, it is unclear whether the ALJ was provided with the treatment notes from Dr. Bryson. [*See* Tr., p. 17.] The Commissioner contends that the ALJ's failure to discuss the specific treatment notes from Dr. Bryson is harmless because the notes were patently deficient, and because there is nothing in the notes that is inconsistent with the ALJ's determination regarding Hale's functional limitations.

Dr. Schneider's records consist almost exclusively of refills for Hale's medication. [Tr., pp. 539-558] In the space provided for the treating physician's impression, Dr. Bryson wrote "disc," and in the space provided for the physician's treatment plan, Dr. Bryson stated "refill." [*See id.*] At times, Dr. Bryson indicated that Hale is stable, without any new complaints. [Tr., pp. 543, 545, 550, 554] In the only examination description, Dr. Bryson states that Hale was having seizures, possibly from not taking Xanax, and that Hale wanted Xanax and pain medication. [Tr., p. 552] Dr. Bryson noted some decrease in strength, but stated that surgery was not suggested. [*Id.*] The documented plan was to refill Hale's medication. [*Id.*]

In short, ALJ York did not err in rejecting the severe limitations advanced by Dr. Bryson in his assessment because she found them inconsistent with the medical evidence of record. Nor is the fact that she erroneously stated that Dr. Bryson did not provide treatment notes reversible error. Rather, the treatment notes were so sparse that they were either patently deficient, or contained no opinions that were inconsistent with the RFC determination. *See Wilson*, 378 F.3d 541 at 547. Thus, the ALJ's error was harmless, and remand is not necessary. *See Kobetic,* 114 F. App'x at 173 (an ALJ's error is harmless where remanding the matter to the agency "would be an idle and useless formality" because "there is [no] reason to believe that [it] might lead to a different result."); *see also Fisher v. Bowen*, 869 F.2d 1055, 1057 (7th Cir. 1989) ("No

principle of administrative law or common sense requires [the Court] to remand a case in quest of a perfect opinion unless there is reason to believe that the remand might lead to a different result.")

### iii. Dr. Schneider

Hale also contends that the ALJ erred in considering the evaluation of Dr. Andrew Schneider. [Record No. 8-1, p. 10; Tr., p. 261] Dr. Schneider conveyed the irregularities with Hale's treatment, noting that Hale was not "a great historian," and described Hale's complaints of seizures as "vague" and unclear. [Tr., pp. 259-60] Dr. Schneider opined that Hale's cervical range of motion was not limited, that he has normal strength and tone, his reflexes were normal and his gait was steady. [*Id.*] Dr. Schneider suggested that Hale continue taking over-the-counter medication, and diagnosed him with intermittent headaches that were likely mild migraines. [*Id.*]

First, the ALJ was not required to give Dr. Schneider's one-time examination controlling weight because he was not a treating source. *See* 20 CFR §§ 404.1502, 416.902 (a physician qualifies as a treating source if the claimant sees the physician "with a frequency consistent with accepted medical practice for the type of treatment and/or evaluation required for [the] medical condition"); *see also Gayheart*, 710 F.3d at 375 (giving more weight to a source "who regularly treats the claimant," where the source had treated the claimant for over four years). The record establishes that Dr. Schneider examined Hale only once, and not with the frequency required for allegations of a disabling condition. *See Barker v. Shalala*, 40 F.3d 789, 794 (6th Cir. 1994); *Smith v. Comm'r of Soc. Sec.*, 482 F.3d 873, 876 (6th Cir. 2007). Accordingly, the ALJ did not err in failing to give Dr. Schneider's one-time treatment notes controlling weight.

Moreover, ALJ York considered Dr. Schneider's treatment notes in her decision. [Tr., p. 17] She considered his findings in her discussion of Hale's allegations of headaches and seizures. [*Id*.] That Hale was diagnosed with "headaches," does not mean that the ALJ was required to find that such impairment was disabling. *See Lee v. Comm'r of Soc. Sec*., 529 F. App'x 706, 713 (6th Cir.2013) ("[N]ot every diagnosable impairment is necessarily disabling."). Accordingly, the Court finds no error with the ALJ's consideration of Dr. Schneider's opinion.

### C. Substantial Evidence

Hale was determined to have normal findings in his muscle strength, range of motion, and reflexes. [Tr., pp. 305] Although Hale consistently complained of back and neck pain, he also conveyed that his pain was manageable with medication and that he could continue to work. [Tr., p. 293] Further, the ALJ found that Hale's credibility regarding his complaints of pain was undermined by his history of substance abuse, including his abuse of pain medications. [Tr., p. 18] Hale's substance abuse is well-documented in the record, and began prior to the alleged onset date of his disability. [Tr., pp. 276, 288, 293, 295, 297, 300, 302, 304, 527] Although Hale suffers from seizures, his medical records indicate that the seizures were caused by his misuse of his medications and other substances, which he indicates has ended. [*See* Tr., p. 552.] Regarding his mental status, the psychiatric consultative examiner found him to be only slightly or, at most, moderately limited in his areas of functioning. [Tr., p. 530] Thus, substantial evidence in the record support's ALJ York's finding that Hale is not disabled.

### IV.

Hale has failed to meet his burden of establishing that his alleged impairments caused disabling limitations. Although ALJ York committed some errors in explaining her decision,

the errors were harmless under applicable Sixth Circuit law.  Ultimately, substantial evidence supports ALJ's findings regarding Hale's functional limitations.  Accordingly, it is hereby

**ORDERED** as follows:

(1) Plaintiff Jesse Hale's motion for summary judgment [Record No. 8] is **DENIED**.

(2) Defendant Carolyn W. Colvin's Motion for Summary Judgment [Record No. 9] is **GRANTED**.

(3) The administrative decision will be **AFFIRMED** by separate Judgment to be entered this date.

This 30th day of May, 2014.

Signed By:
*Danny C. Reeves* DCR
United States District Judge